E-FILED
Friday, 31 March, 2006  02:53:00 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **THOMAS D. GRAZIANO,** ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 05-2157 |
| **RR DONNELLEY & SONS CO.,** ) | |
| ) | |
| Defendant. ) | |

# ORDER

In August 2005, Plaintiff Thomas Graziano, acting *pro se*, filed a Pro Se Complaint (#4) against Defendant R. R. Donnelley & Sons, alleging discrimination based on age. Federal jurisdiction is based on federal question under 28 U.S.C. § 1331 because Plaintiff's age discrimination claim arises under the Age Discrimination in Employment Act (hereinafter "ADEA") (29 U.S.C. § 621 *et seq.*). The parties have consented to the jurisdiction of a United States Magistrate Judge.

In February 2006, Defendant filed a Motion for Summary Judgment (#11). Plaintiff's response was due March 10, 2006. As of the time of this order, Plaintiff has filed no response. After reviewing Defendant's motion, memorandum, and supporting documents, the Court **GRANTS** Defendant's Motion for Summary Judgment **(#11)**.

## I. Background

The following facts are undisputed: Plaintiff has worked for Defendant from October 1999 to the present as a Material Handler. The job description for the position of Material Handler includes "feeding" (moving documents from pallets onto the binding line), "piling" (moving stacks of bound magazines or catalogs from the binding line to pallets), boxing finished magazines and catalogs, sorting incorrectly bound stock, cleaning bindery lines, making minor repairs, performing janitorial tasks as needed, taking out the trash, and other duties as directed.

Beginning around March 1999, Plaintiff began working as a Material Handler on the back of Line 8.  In that location, his primary task was piling.  In June 2004, Plaintiff was reassigned from the back of Line 8 to its front.  His primary task in the front location is feeding; in addition, Plaintiff sometimes is assigned to pile on other binder lines.  Plaintiff's pay, benefits, and job title have not changed as a result of his reassignment from the back of Line 8 to the front.

Plaintiff's complaint alleged that he was reassigned because of his age in violation of the ADEA.

In February 2006, Defendant filed a motion for summary judgment.  The Court sent Plaintiff notice (#15) that a case-dispositive motion had been filed, informing him of the deadlines for his response and also informing him of his responsibilities and the consequences of failing to respond.  The notice stated in part as follows:

> When a motion for summary judgment is made and properly supported, you may not simply rely upon the allegations made in your complaint.  Rather, you must respond by affidavit(s) or as otherwise provided in Rule 56 of the Federal Rules of Civil Procedure, a copy of which is attached.  Your response must set forth specific facts showing that there is a genuine issue of material fact for trial.  If you do not submit affidavits or other documentary evidence contradicting the defendants' assertions, the defendants' statement of facts will be accepted as true for purposes of summary judgment. See Fed. R. Civ. P 56(e) (attached).

Notice, #15, p. 1.

## II.  Discussion

Plaintiff has filed no response to Defendant's motion for summary judgment.  As the Court stated in its notice to Plaintiff, if Plaintiff fails to respond to the motion, the Court will accept as true Defendant's statement of facts.  The Seventh Circuit has held that such a rule is appropriate.  *Waldridge v. Am. Hoechst Corp*, 24 F.3d 918, 922 (7th Cir. 1994) (stating that when a nonmovant does not respond to the movant's statement of facts, the nonmovant concedes the movant's version of the facts).

Nevertheless, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. *LaSalle Bank Lake View v. Seguban*, 54 F.3d 387, 392 (7th Cir. 1995). It remains the movant's burden to demonstrate that no genuine issue of material fact exists and that it is entitled to summary judgment as a matter of law. *Doe v. Cunningham*, 30 F.3d 879, 883 (7th Cir. 1994). Accordingly, the Court must now consider whether summary judgment is proper as a matter of law. *LaSalle Bank*, 54 F.3d at 392.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Thus, in ruling on a motion for summary judgment, the Court must decide, based on the evidence of record, whether, based on the evidence, any material dispute of fact exists that requires a trial. *Waldridge*, 24 F.3d at 920.

In this case, Defendant has set out a statement of facts with supporting documentation. Defendant has also submitted a memorandum explaining why it is entitled to judgment as a matter of law on Plaintiff's claims. The gist of Defendant's argument is that the reassignment of Plaintiff from the back to the front of Line 8 and the associated loss of piling responsibility does not constitute a "materially adverse employment action," as that phrase is defined in the Seventh Circuit. *See Crady v. Liberty Nat'l Bank and Trust Co.*, 993 F.2d 132, 134 (7th Cir. 1993) (stating that a materially adverse change in the terms and conditions of employment might be indicated by termination of employment, demotion evidenced by a less distinguished title, material loss of benefits, or significantly diminished responsibilities). In this case, the undisputed facts show that, after his transfer, Plaintiff retained the same job title, salary, benefits, and level of responsibility after his reassignment, and his tasks fell within the job responsibilities outlined for the position of Material Handler.

This Court has carefully reviewed the documentation submitted by Defendant and Defendant's citations of authority. Based on this review, the Court concludes that Defendant has met its burden of showing that no genuine issue of material fact exists that requires a trial and that Defendant is entitled to judgment as a matter of law on Plaintiff's claim of discrimination.

### III.  Summary

For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment **(#11)**.  This case is terminated.

ENTER this 31st day of March, 2006.

                                             s/ DAVID G. BERNTHAL
                                             U.S. MAGISTRATE JUDGE